**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

James Wilson,

Plaintiff,

Case No.: 17-10263-cv
Hon.:

v.

Reliance Standard Life Insurance Company,

Defendant.

______________________________________________/

Serafini, Michalowski, Derkacz & Associates
**PATRICK DERKACZ (P48988)**
Attorney for Plaintiff
44444 Mound Road, Suite 100
Sterling Heights, MI 48314
(586) 264-3756 / 3783 – Fax

______________________________________________/

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, James Wilson, by and through his attorneys, Serafini, Michalowski, Derkacz & Associates, and for his Complaint against Defendant, Reliance Standard Life Insurance Company, states to the Court as follows:

1. This is a civil complaint brought under ERISA Section 502, 29 USC 1132 regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendant to provide certain

disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

2. Plaintiff, James Wilson, is a resident of Ann Arbor, Michigan who was working for RCF Information Systems, Inc. (hereinafter, "RCF") at all times relevant hereto.

3. Defendant, Reliance Standard Life Insurance Company, (hereinafter "RELIANCE") is domiciled in the State of Pennsylvania and conducts business in Washtenaw County, Michigan. RELIANCE is a fiduciary and administrator within the meaning of ERISA sec. 3(7), 402(a)(2), 29 USC 1002 (7), 1102(a)(2), with respect to the Plan.

4. At all times pertinent hereto, Plaintiff, James Wilson, was employed with RCF.

5. Defendant, RELIANCE issued a group disability policy ("Plan") as an insured welfare benefit plan allegedly governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC 1001 et. seq. This Plan provides group disability benefits to the employees of RCF, including Plaintiff.

6.     Defendant, RELIANCE, reviewed this claim with a conflict of interest as it was obligated to both review the claim and pay benefits if the claim(s) was approved.

7.     Plaintiff, James Wilson, is a participant and eligible employee within the meaning of the aforementioned RELIANCE disability policies and within the meaning of ERISA by virtue of his employment with RCF.

8.     That the above plan(s) provided disability income benefits.

9.     Plaintiff, James Wilson, has multiple medical problems.

10.    Despite his diagnosis and extensive treatment during the relevant periods he has continued to remain disabled.

11.    Plaintiff's medical disability prevented him from performing the duties required of his own or any occupation and he is entitled to disability benefits as he was unable to work in his own or any occupation within the meaning of the aforementioned disability policy.

12.    Plaintiff's treating physicians authored medical records clearly establishing Plaintiff's disability from his own or any occupation.

13.    The administrative record is replete with other references of restrictions acknowledged by Plaintiff's treating physicians and Defendant's own employees and agents.

14. Plaintiff, James Wilson, timely appealed Defendant, RELIANCE's denial of Plaintiff's disability claim. Included with this appeal was additional medical documentation.

15. Contrary to the overwhelming evidence, Defendant upheld its decision denying benefits, even though there was sufficient evidence in RELIANCE's file supporting his disability, including medical records from multiple treaters confirming his disabling medical conditions.

16. There can be no dispute over whether or not Plaintiff's treating physicians disabled him from his own or any occupation.

17. Defendant's decision to deny this claim is without support. The only reasonable explanation for Defendant's denial of this claim is bias, self-dealing and/or a complete absence of due process.

18. The amount in controversy is in excess of $25,000, excluding costs, interest and attorney fees and this action is otherwise within the jurisdiction of this court.

**COUNT I**
**ACTION UNDER ERISA §§ 502(A)(1)(B), 29 USC 1132(A)(1)(B)**
**TO RECOVER FULL BENEFITS**

19. Plaintiff incorporates herein by reference Paragraphs 1-18 as if fully set forth herein.

20. Defendant, RELIANCE's denial of Plaintiff, James Wilson's, claim for disability payments as described above constitutes a breach of said policy and is a direct violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974, 29 USC 1001 et seq.

21. Defendant, RELIANCE's, actions in denying Plaintiff's employee benefits but not complying with the requirements of 29 C.F.R. § 2560.503-1(f-i) is in violation of Plaintiff's procedural due process rights under ERISA and each and every one of its fiduciary duties set forth above.

22. Defendant's violation of ERISA by failing to comply with the procedural requirements of § 1133 denied a full and fair review.

23. Plaintiff is entitled to discovery and a de novo review of this claim by the Court as Defendant is not entitled to the protections concerning administrative review or the administrative record.

24. Further, RELIANCE's conflict of interest materially affected its claim handling and its decision to deny Mr. Wilson's claim.

**WHEREFORE**, Plaintiff, James Wilson, requests the following relief from this Honorable Court:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B) and 28 USC 2201, declaring Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan(s) in effect at the time benefits became payable and that RELIANCE has violated the Plan(s) and its fiduciary duties by failing to pay these benefits.

B. A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C. An order compelling defendant to pay Plaintiff the full amount due his and to continue such payments for the period set forth in the plan, including interest and unpaid benefits.

D. Reasonable interest, attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1).

E. Such other relief as may be deemed just and appropriate.

Respectfully submitted,

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C.**

/s/Patrick Derkacz
PATRICK DERKACZ (P48988)
Attorney for Plaintiff

44444 Mound Road, Suite 100
Sterling Heights, MI 48314
(586) 264-3756 / 3783 – Fax

DATED: January 26, 2017